JAYE G. HEYBL (CA Bar No. 167,110)
BRIAN M. FITZGERALD (CA Bar No. 267,279)
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, California  91361
Telephone: (805) 373-0060
Facsimile: (805) 373-0051
jheybl@koppelpatent.com
bfitzgerald@koppelpatent.com

K. ANDREW KENT (CA Bar No. 130,097)
RINCON VENTURE LAW GROUP
2815 Townsgate Road, Suite 215
Westlake Village, California  91361
Telephone: (805) 557-0580
Facsimile: (805) 373-0051
akent@rincongroup.com

Attorneys for Plaintiff
ADVANTEK MARKETING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ADVANTEK MARKETING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SHANGHAI WALK-LONG TOOLS CO., LTD.; NEOCRAFT TOOLS CO., LTD.; ORION FACTORY DIRECT, and DOES 1-10 inclusive, <br><br> Defendant. | **CASE NO. 16-cv-3061** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** <br><br> **PATENT INFRINGEMENT [35 U.S.C. § 271]** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Advantek Marketing, Inc. ("Advantek" or "Plaintiff") is a seller of animal related products worldwide, including the well-recognized Pet Gazebo™ line of animal housing products.  Advantek brings this action seeking injunctive relief and damages on account of patent infringement by Defendants SHANGHAI WALK-LONG TOOLS CO., LTD. ("Walk-Long"), NEOCRAFT TOOLS CO., LTD. ("Neocraft"), ORION FACTORY DIRECT ("Orion"), and DOES 1 through 10, inclusive. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 1, et seq.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This Court has personal jurisdiction over Defendants because they have committed one or more of the infringing acts complained of herein in California and in this district, they have marketed and sold infringing products in California and in this district, and on information and belief they do regular business in California and in this district. This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct business in the State of California and in this judicial district and thus enjoy the privileges and protections of California law.

4.      Venue in this Court is proper at least under the provisions of 28 U.S.C. § 1400(b), because Defendants have committed acts of infringement in this District.

## PARTIES

5.      Advantek is an active California corporation with its principal place of business at 5400 Tech Circle, Suite 101, Moorpark, CA 93021. Advantek does business in the Central District of California.

6.      On information and belief, Walk-Long is a Chinese corporation with its principal place of business in China at 898 Songhua Road, Qingpu Industrial Park, Shanghai, 201706.  On information and belief, Walk-Long does business in the Central District of California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

7.     On information and belief, Neocraft is a Chinese corporation and a subsidiary of Walk-Long, with its principal place of business in China at 898 Songhua Road, Qingpu Industrial Park, Shanghai, 201706.  On information and belief, Neocraft does business in the Central District of California.

8.     On information and belief, Orion is a Chinese corporation and a subsidiary of Neocraft, with its principal place of business in China at 898 Songhua Road, Qingpu Industrial Park, Shanghai, 201706, and its principal place of business in the United States at 11902 Elm Street, Suite 6D, Omaha, Nebraska 68144.  On information and belief, Orion does business in the Central District of California.

9.     Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. Plaintiff therefore sues them by use of fictitious names. Plaintiff is informed and believes that Walk-Long, Neocraft and Orion, and Doe Defendants 1 through 10 are affiliated in some manner with Walk-Long, Neocraft and Orion, and have direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein. Plaintiff will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 10 are learned. As used below, the term "Defendants" shall collectively refer to the named defendant, Walk-Long, Neocraft and Orion, together with the defendants identified as DOES 1 through 10.

10.     On information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things alleged herein, was acting within the scope of such agency. On information and belief, the conduct of each of the Defendants as alleged herein was ratified by each of the other Defendants, and the benefits thereof were accepted by each of the other Defendants.

11.     On information and belief, each of the Defendants induced the other Defendants to infringe upon Plaintiff's rights, participated in, and enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Plaintiff's rights,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

and constitute unfair competition and false and deceptive actions. Therefore each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of Plaintiff's rights.

## FACTUAL BACKGROUND

12.    Advantek is a world-recognized leader in animal-containment solutions ranging from humane catch-and-release animal traps to pet housing products. Advantek's flagship products include its line of Pet Gazebo™ products, which are among their best-selling products worldwide.  An image of one of Advantek's Pet Gazebo™ products is shown below:



Advantek Pet Gazebo

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

13.     Joe Pomerantz invented an original and innovative Pet Gazebo™ design and applied for patent protection with the United States Patent and Trademark Office ("USPTO").  The USPTO granted the patent as US Design Patent D715,006 ("the '006 patent"), which issued on October 7, 2014.  Mr. Pomerantz assigned the rights to his patent to Advantek; Advantek continues to be the owner by assignment of the entire right, title and interest in the '006 patent.  A true and correct copy of the '006 patent is attached to this complaint as Exhibit 1.

14.     On information and belief, Defendants engage in the importation, marketing, distribution, and sale of various products, including a product described as the *Pet Companion Outdoor Pet Kennel*  ("product in question").

15.     The shape and design of the product in question are substantially similar to the patented design as set forth in the '006 patent, such that an ordinary observer, taking into account the prior art, would believe the accused product in question to be the same as the patented design. Images of the two products are shown side by side below:

| The '006 Patent | Defendants' Pet Companion Product |
|---|---|
| | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## (INFRINGEMENT OF THE '006 PATENT; Against all Defendants; 35 U.S.C. § 271)

16.     Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

17.     On information and belief, Defendants have infringed and continue to infringe the claimed design of the '006 patent under 35 U.S.C. § 271(a-c), including but not limited to by making, using, offering for sale, and/or selling the patented design without the authority of Advantek, and/or by contributing to and/or inducing such infringement of the '006 patent.

18.     Additionally, on information and belief, Defendants infringe the '006 patent by making, using, selling, offering for sale or importing animal housing products, including without limitation the product in question, as well as Defendants' other products and services incorporating animal housing products, and various versions thereof. By way of example only, and without limitation, Defendants infringe, literally and/or under the doctrine of equivalents, at least the claimed design of the '006 patent by making, using, selling, offering for sale or importing the *Pet Companion* animal housing product that is sold to and used by Defendants' customers.

19.     Defendants do not have a license or permission to use the '006 patent.

20.     On information and belief, before their first acts of infringement, Defendants knew of Advantek's Pet Gazebo™ line of products, knew these products' design was patent-protected, knew the Pet Companion product was substantially similar in design in such manner as would infringe on the '006 patent, and knew Defendnats' use of that design was unauthorized.  Defendants nevertheless delibertly of in willful blindness carried out the acts of infringement described herein.

21.     As a result of Defendants' infringement of the '006 patent, Advantek has been irreparably injured.  Unless such infringing acts are enjoined by this Court, Advantek will continue to suffer irreparable injury.

22.     On information and belief, Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff, or is likely to damage Plaintiff.

23.     On information and belief, as a result of their conduct as alleged above, Defendants have been unjustly enriched and have wrongfully profited.

24.     On information and belief, despite knowledge of the '006 patent, Defendants will continue to infringe this patent with reckless disregard of the '006 patent, by continuing to infringe the patent when they knew or should have known that their actions constituted infringement of the claimed design of the '006 patent.  Upon information and belief, Defendants have acted and/or are continuing to act despite an objectively high likelihood that their actions constitute direct and/or indirect infringement of a valid patent.

///
///
///
///

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Advantek Marketing, Inc. prays for relief as follows:

A.     Entry of judgment against Defendants, and for Advantek, for infringement of the '006 patent;

B.     Entry of judgment holding Defendants jointly and severally liable for infringement of the '006 patent;

C.     A post-judgment accounting of damages for the period of infringement of the '006 patent following the period of damages established by Advantek at trial;

D.     An order preliminarily and then permanently enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the '006 patent;

E.     If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

F.     An order that Defendants be ordered to surrender for destruction of all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Plaintiff's patent or the means by which such infringement is facilitated;

G.     That Plaintiff be awarded its damages according to proof;

H.     That Plaintiff be awarded the profits acquired by Defendants through Defendants' unlawful acts;

I.     That the Court increase and enhance by three times any award of damages and/or profits based on Defendants' willfulness;

J. An order declaring that this is an exceptional case within the meaning of 35 U.S.C. §285;

K. An award of prejudgment interest, post-judgment interest, costs and disbursements, and attorney's fees; and

L. Such other and further relief as the Court deems proper in law or equity.

Respectfully submitted,

DATED: May 4, 2016          By:    /s/ Brian M. Fitzgerald
                                  JAYE G. HEYBL (CA Bar No. 167,110)
                                  BRIAN M. FITZGERALD (CA Bar No. 267,279)
                                  KOPPEL PATRICK HEYBL & PHILPOTT
                                  2815 Townsgate Road, Suite 215
                                  Westlake Village, California  91361
                                  Telephone: (805) 373-0060
                                  Facsimile: (805) 373-0051
                                  jheybl@koppelpatent.com
                                  bfitzgerald@koppelpatent.com

                                  K. ANDREW KENT (CA Bar No. 130,097)
                                  RINCON VENTURE LAW GROUP
                                  2815 Townsgate Road, Suite 215
                                  Westlake Village, California  91361
                                  Telephone: (805) 557-0580
                                  Facsimile: (805) 373-0051
                                  akent@rincongroup.com

                                  Attorneys for Plaintiff
                                  ADVANTEK MARKETING, INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Advantek Marketing, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: May 4, 2016          By:   /s/ Brian M. Fitzgerald
                                  JAYE G. HEYBL (CA Bar No. 167,110)
                                  BRIAN M. FITZGERALD (CA Bar No. 267,279)
                                  KOPPEL PATRICK HEYBL & PHILPOTT
                                  2815 Townsgate Road, Suite 215
                                  Westlake Village, California  91361
                                  Telephone: (805) 373-0060
                                  Facsimile: (805) 373-0051
                                  jheybl@koppelpatent.com
                                  bfitzgerald@koppelpatent.com

                                  K. ANDREW KENT (CA Bar No. 130,097)
                                  RINCON VENTURE LAW GROUP
                                  2815 Townsgate Road, Suite 215
                                  Westlake Village, California  91361
                                  Telephone: (805) 557-0580
                                  Facsimile: (805) 373-0051
                                  akent@rincongroup.com

                                  Attorneys for Plaintiff
                                  ADVANTEK MARKETING, INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL