JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANTEK MARKETING, INC., | CASE NO.  CV 16-3061-R |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| SHANGHAI WALK-LONG TOOLS CO., et al., | |
| Defendants. | |

Before the Court is Defendant's Motion for Judgment on the Pleadings (Dkt. No. 24), which was filed on August 31, 2016.  This Court took the matter under submission on October 4, 2016.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A court may grant a motion for judgment on the pleadings when, accepting all factual allegations as true, there is no issue of material fact, and the moving party is entitled to judgment as a matter of law.  Motions under 12(b) and 12(c) of the Federal Rules of Civil Procedure are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1986).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The Plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*.

Defendant's Motion is based entirely on the doctrine of prosecution history estoppel. Plaintiff opposes the Motion by arguing that Defendant's argument is inappropriate at this stage of the litigation and that even if it was, Defendants' have not met their burden of proving the elements of prosecution history estoppel.

Courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It is generally accepted that records from the United States Patent and Trademark Office ("USPTO") may be judicially noticed. *Anderson v. Kimberly-Clark Corp.*, 5700 Fed. App'x 927, 932 n.3 (9th Cir. 2014). Courts may rely on information subject to judicial notice when deciding a Rule 12 motion. *Id.* at 932. Defendant has offered the relevant patent's prosecution history from the USPTO website for judicial notice. Plaintiff does not dispute these records. Defendant's request for judicial notice is GRANTED.

Given that Courts may rely on facts subject to judicial notice in deciding a motion to dismiss, it is appropriate for the Court to consider the applicability of the prosecution history in this matter. While the 12(b)(6) and pleading standards will apply, this Court may consider the prosecution history of U.S. Patent No. D715,006 ("'006 Patent"). Success under the doctrine of prosecution history estoppel "turns on the answers to three questions (1) whether there was a surrender; (2) whether it was for reasons of patentability; and (3) whether the accused design is

1  within the scope of surrender." *Pacific Coast Marine Windshields v. Malibu Boats, LLC*, 739 F.3d
2  694, 702 (Fed. Cir. 2014).
3        Plaintiff designed a pet kennel called the "Pet Gazebo" for which it received the '006
4  Patent.  During the course of applying for the patent, Plaintiff replied to a restriction requirement
5  from the Patent and Trademark Office.  Plaintiff now claims that the Defendants are infringing the
6  '006 Patent by producing and selling a pet kennel similar to the Pet Gazebo.
7        Defendant argues that Plaintiff's decision to elect the iteration of the Pet Gazebo without a
8  cover in response to the USPTO's restriction requirement constitutes a surrender.  Plaintiff
9  submitted two different design drawings to the USPTO and was forced to choose one of the two. It
10 chose the skeletal shell of the Pet Gazebo rather than a kennel with a cover on it.  In choosing one
11 of two drawings in response to a restriction requirement, Plaintiff surrendered that claim.  By
12 cancelling figures showing a gazebo with a cover, "the applicant surrendered such designs and
13 conceded that the claim was limited to what the remaining figure showed[.]" *Id.* at 703.
14       Next, Defendant argues that the surrender was made for the purpose of patentability.  Like
15 the surrender at issue in *Pacific Coast Marine Windshields* which was not made for the purpose of
16 avoiding prior art or other "reasons of patentability," here, the surrender was made for the purpose
17 of responding to the restriction requirement and securing the patent.  Plaintiff argues that this is a
18 question of fact, however, there is no such question for a design patent.  Design patents, by their
19 nature may only include a single claim. *Id.*  The USPTO responded to Plaintiff's designs by
20 requiring it to restrict the claimed patents to either "a kennel without a cover" or "a kennel with a
21 cover."  This was labeled a restriction *requirement* by the examiner and is thus clear that in order
22 to receive the patent, Plaintiff had to surrender one of the claims.  There was no reason to
23 surrender the proposed kennel with a cover other than to secure a patent.
24       Finally, Defendant must prove that the accused product is within the scope of surrender.
25 Prosecution history estoppel "requires an examination of the subject matter surrendered by the
26 narrowing amendment." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S.
27 722, 737 (2002).  Such an examination in this case reveals that the narrowing amendment
28 surrendered a kennel with a cover.  Here, Defendant has produced exactly that, a dog kennel in the

3

shape of a gazebo with a cover on it.  Even on a Motion for Judgment on the Pleadings, taking all factual allegations as true, this Court can determine that the allegedly infringing product is exactly the same as the design forfeited by Plaintiffs.  Plaintiff provided the description and image of Defendant's product.  Plaintiff does not dispute the diagrams and descriptions in the prosecution history.  On this information alone, the Court can determine that the scope of the surrender encompasses Defendant's product.  This case differs from the decision in *Pacific* where the accused design and fell within an unclaimed range of the surrendered designs because here the kennel produced by Defendant is not within an unclaimed range of the narrowing amendment, it is the exact same as the design surrendered by Plaintiff.

After considering all the factual allegations made by Plaintiff as true, Defendant is entitled to judgment as a matter of law.  Plaintiff's ordinary observer arguments are exactly the types of infringement analyses which are barred by the doctrine of prosecution history estoppel.  Because this Court has found that the doctrine applies, it need not consider them.

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 24) is GRANTED.

Dated: November 3, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE